**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| JOEVALIS LAWRENCE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00195-RWS |
| | ) | |
| CENTURION DENTAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Joevalis Lawrence Johnson's Application to Proceed in District Court Without Prepaying Fees and Costs.  (Doc. 2).  Based on Plaintiff's financial information, the Court grants his application and assesses a $1.80 initial partial filing fee. Additionally, for the reasons set forth below, the Court orders Plaintiff to file an amended complaint using the Court-provided form.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  *See* 28 U.S.C. § 1915(b)(2).

Plaintiff has submitted a certified account statement for the period April 23, 2025 to October 10, 2025.  Doc. 3.  Based on this financial information, the Court finds Plaintiff has an

average monthly deposit of $9.00.  The Court will require Plaintiff to pay an initial partial filing fee of $1.80, which is 20 percent of his average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. §1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law."  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980);

*see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### The Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendant Centurion Dental was deliberately indifferent to his serious dental needs.  His complaint is difficult to comprehend, but he seems to allege that he suffers from a rare, unspecified dental condition that includes problems with his temporomandibular joint (TMJ).  Doc. 6 at 5.  Plaintiff's current complaint is that his dental fitting causes him pain and that a sergeant at Southeast Correctional Center (SECC) has misplaced his partial dentures and he requires a new set.

Plaintiff alleges that five years ago, he placed a health service request to be seen by a dentist.  "At that time they [tried] to pull my teeth but I had got lock jaw and they couldn't continue the work."  *Id.* at 7.  Plaintiff transferred facilities, from Potosi Correctional Center (PCC) to SECC, where he was sent twice to an oral specialist in Jefferson City to examine problems with his TMJ.  *Id*. at 4.  He states he was approved to have his teeth pulled:

> I had keep going out for the check ups about the issue.  It had taken some time for it to be done.  But they had gotten it taken care of.  Like I explain[ed] above the issue was taken care of the remov[al] of the four teeth been pulled.  But then the issue began which is my new complaint was the problem and the first place that they was saying that my jaw needed to be rebroken but that never happen[ed].

*Id.* at 5.  Plaintiff states that since he has had his dental work done, he is having problems with his jaw.  He states that he received a fitting to wear at night but it caused so much pain that he cannot wear it.  "Also I was given a partial/denture to [wear] but since I received them a [Sergeant] has taken them and so how [sic] misplace them to where I am in need of another fitting and because of the wait my TMJ issue getting really bad."  *Id.* at 7.

Plaintiff attaches to his complaint SECC's response to his informal resolution request, grievance response, and grievance appeal response.  Based on these letters, Plaintiff saw an oral

- 3 -

specialist on April 23, 2025, and the specialist "did work [him] up to replace the partials." *Id.* at 15. He followed up with SECC's dental provider on May 6, 2025, and the provider referred Plaintiff to see the specialist once his partials were ready. This referral was approved and scheduled. *Id.* Plaintiff states that in response to his grievance his "needs [were] somewhat met. But the [rebreaking] of my jaw wasn't met." *Id.* at 9.

Plaintiff states that he is in pain. He seeks $15,000 in damages. *Id.* at 8.

**Discussion**

Plaintiff's complaint is subject to dismissal on initial review because he has not established the liability of Defendant Centurion Dental, a corporation, for the alleged deliberate indifference. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent . . . official policy that inflicts injury actionable under § 1983"). Plaintiff has not alleged his constitutional violations resulted from any official policy, unofficial custom, or failure to train on the part of Centurion Dental. Therefore he cannot establish any liability on the part of Defendant Centurion Dental, and his claims are subject to dismissal.

Moreover, Plaintiff has not alleged any individual dentists, specialists, or dental care providers exhibited deliberate indifference toward him. To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that the prison officials actually knew of and disregarded that need. *Roberts v.*

- 4 -

*Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).  An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014).  To that end, "deliberate indifference requires a highly culpable state of mind approaching actual intent."  *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).  Mere negligence or inadvertence does not rise to the level of deliberate indifference.  *Id.*; *see also Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment).

Liberally construed, Plaintiff has had recurrent dental problems that were addressed both by PCC and SECC in-house and by specialists.  At the time he filed his complaint, many of his dental issues "had gotten taken care of . . . the issue was taken care of the remov[al] of the four teeth been pulled."  Doc. 6 at 5.  But, Plaintiff states that he still suffers from pain and states that he was told, presumably by a dental care provider, that his jaw needed to be rebroken.  His mouth hurts and it is hard for him to eat.  *Id.*  Also, he needs a replacement fitting for his partial dentures lost by a SECC sergeant.  These current complaints might form the basis of a constitutional claim, but Plaintiff has not alleged any specific treatment provider has been deliberately indifferent to his dental needs.  Nor has he alleged that his requests have gone unanswered—he alleges only that he is still in pain and believes his jaw needs to be rebroken.  Because his allegations are serious, however, and because he is proceeding as a self-represented litigant, the Court will allow him to amend his complaint in accordance with the instructions set forth below.

### Instructions for Amended Complaint

Plaintiff shall file his amended complaint on the enclosed form in accordance with the following instructions:

1.      **Caption.**  In the "Caption" section, Plaintiff must:

- Provide the case number as it appears on this Order.

- List the full names of all individuals or entities he seeks to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must  name all the parties[.]").

2.   **Statement of Claim.**  The "Statement of Claim" section must include:

- A short and plain statement of the factual allegations supporting each claim.  *See* Fed. R. Civ. P. 8(a).

- Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances.  *See* Fed. R. Civ. P. 10(b).

- A clear explanation of how each defendant's actions or omissions violated Plaintiff's rights.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

- Facts establishing each defendant's personal involvement in the alleged violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

- Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements.  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

3.      **Capacity.**  Plaintiff shall specify whether he sues each defendant in their individual capacity, official capacity, or both.  Failure to do so may result in the dismissal of certain claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

4.      **Joinder.**  If Plaintiff names multiple defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different defendants must be filed as separate lawsuits.  However, if Plaintiff names only a single defendant, he may assert as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

5.      **Effect.**  The amended complaint will completely replace the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

6.      **Signature.**  Plaintiff must fully complete and sign the amended complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure.

### Motion to Appoint Counsel

Plaintiff asks the Court to appoint counsel in this matter.  Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 142 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers factors such as the complexity of the case, the ability of the pro se litigant to investigate

the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

### Conclusion

For the foregoing reasons, the Court grants Plaintiff's application to proceed in district court without prepaying fees or costs. On initial review, Plaintiff's claims against Defendant Centurion Dental are subject to dismissal for failure to state a claim. But because Plaintiff is self-represented and has makes serious allegations, the Court will allow him to amend. If Plaintiff seeks to continue this action, he shall file an amended complaint on the Court-provided form in accordance with the instructions above.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. (Doc. 2)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.80 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice. (Doc. 4)

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that if Plaintiff seeks to continue this action he shall file an amended complaint on the prisoner civil rights complaint form in accordance with the instructions set forth above and return it to the Court within 21 days of the date of this Order.

Failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 16th day of July, 2026.


_____

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

- 9 -